# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BR HOTELS 10 LLC D/B/A LA QUINTA INN & SUITES<br>*Plaintiff,*<br><br>V.<br><br>AMGUARD INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 3:22-CV-655 |

## NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant AMGUARD INSURANCE COMPANY timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. § 1446(b), removing this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana and in support thereof show as follows:

### A. Introduction

1. Plaintiff commenced this lawsuit against Defendant in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on or about August 29, 2022. A true and correct copy of the Original Petition along with documents reflecting service are attached hereto as Exhibit "A." Plaintiff served the Original Petition on Defendant AMGUARD INSURANCE COMPANY through its registered agent on September 2, 2022.

2. Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3. Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract, bad faith, violations of Louisiana Revised Statutes §§ 22:1973 and 22:1892 resulting from the

"extensive damage" caused by Hurricane Ida and the alleged conduct of Defendant. Plaintiff's claims against Defendant arise under a policy of insurance issued by Defendant AMGUARD INSURANCE COMPANY for property located at 10555 Reiger Road, Baton Rouge, Louisiana 70809. The property is alleged to have sustained extensive damages covered by that insurance policy during Hurricane Ida on or about August 29, 2021.

### B.  Jurisdiction & Removal

4. This Court has jurisdiction in the case pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5. Plaintiff is a resident of the State of Louisiana. AMGUARD INSURANCE COMPANY is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business in Wilkes-Barre, Pennsylvania.

6. When a Plaintiff's pleadings do not allege a specific amount of damages, the removing party must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See *DeAguilar v. Boeing Co.*, , 58 (5th Cir. 1993). This burden may be satisfied by the removing defendant showing it is facially apparent the Plaintiff's claims exceed the jurisdictional amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

7. Louisiana prohibits plaintiff from petitioning for a specific monetary amount. *See* La. Code Civ. P art. 893(A)(1). The plaintiff's complaint is controlling on question whether case is removable from state to federal court because of amount involved. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283; 58 S.Ct. 586; 82 L.Ed. 845 (1938); citing 28 U.S.C.A. §§ 1331 et seq., 1359, 1441, 1445, 1447, 1919.

8. In this case, Plaintiff's Petition for Damages plainly suggests the amount in controversy is in excess of $75,000. In Paragraph 12, Plaintiff alleges that the property suffered extensive damage as a result of Hurricane Ida. In additional to contractual damages, Plaintiff seeks bad faith damages for violations of LSA-R.S. §22:1892 and §22:1973. In Paragraph 43 of Plaintiff's Petition, it identifies a laundry list of the types of damages claimed in this suit, including but not limited to attorneys' fees. When the foregoing is read together, the damages at issue clearly exceed $75,000.

9. If a state statute provides for attorney's fees, such fees are to be included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). Plaintiff's allegations that AmGUARD arbitrarily and capriciously failed to pay according to the Policy would, if proven, give rise to a claim for attorney's fees and penalties under La. R.S. 22:1982 and La. R.S. 22:1973. The United States Fifth Circuit has previously held that removal is proper when the claim, including the attorney's fees, would exceed the jurisdictional minimum required for removal. *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723-25 (5th Cir. 2002).

10. The amount in controversy in Plaintiff's Petition for Damages exceeds the jurisdictional requirements for removal because plaintiff is seeking property damages under the Policy, consequential and/or special damages, bad faith penalties, attorneys' fees, interest, and penalties under La. R.S. 22:1982 and La. R.S. 22:1973. *See* Plaintiff's Petition for Damages ¶ 30-43.

11. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the state action has been pending is located in this district and division.

12. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana pursuant to 28 U.S.C. § 1446(d).

13.     Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure and LR 38, USDC/MDLA Local Rules.

14.     All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, AMGUARD INSURANCE COMPANY hereby removes the above-captioned matter now pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana to the United States District Court for the Middle District of Louisiana.

Respectfully Submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

*/s/ Mary-Ellen King*
Mary-Ellen King (#30805)
701 Brazos Street, Suite 1500
Austin, Texas 78701
(512) 827-2305 Telephone
(512) 708-8777 Facsimile
MKing@thompsoncoe.com

Marne A. Jones (#32522)
601 Poydras Street, Suite 1850
New Orleans, Louisiana 70130
504-526-4320 Telephone
504-526-4310 Facsimile
MAJones@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
AMGUARD INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 21, 2022, I served the following document on all counsel of record via electronic notice and/or facsimile:

**PANDIT LAW FIRM, LLC**

Rajan Pandit (#32215)
Peter N. Freiberg (#22912)
John Mark Fezio (#29861)
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facisimile: (504) 313-3820
rpandit@panditlaw.com
pfrieberg@panditlaw.com
jfezio@panditlaw.com

and

**ROBICHAUZ, MIZE, WADSACK, RICHARDSON & WATSON, LLC**

Matthew M. Mize (#33993)
Tristan G. Gruspier (#39900)
W. Brett Cain (#25997)
1777 Ryan Street (70601)
P.O. Box 2065
Lake Charles, LA 70602
Telephone: (337) 433-0234
Fax: (337) 433-8595
mmm@rmwlegal.com
tgg@rmwlegal.com
wbc@rmwlegal.com

**COUNSEL FOR PLAINTIFF**

                                      */s/ Mary-Ellen King*
                                      Mary-Ellen King