## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BR HOTELS 10 LLC D/B/A LA QUINTA INN & SUITES<br>    *Plaintiff,*<br><br>V.<br><br>AMGUARD INSURANCE COMPANY<br>    *Defendant.* | CIVIL ACTION NO. 3:22-CV-655 |

### DEFENDANT AMGUARD INSURANCE COMPANY'S FIRST AMENDED ANSWER

Defendant AmGUARD Insurance Company ("AmGUARD") files its First Amended Answer to Plaintiff BR Hotels 10 LLC d/b/a La Quinta Inn & Suites ("Plaintiff") Complaint (the "Complaint") and shows the Court as follows:

### I.    PARTIES

1. The allegations contained in Paragraph 1 of the Complaint do not pertain to AmGUARD and are denied for lack of knowledge or information sufficient to justify a belief therein.

2. AmGUARD admits that it is a foreign insurance company doing business in Louisiana and that it may be served via the Secretary of State. Any remaining allegations are denied.

### II.    JURISDICTION AND VENUE

3. AmGUARD admits that jurisdiction is properly in this Court as complete diversity of citizenship between the parties exists and the amount in controversy is greater than the minimum jurisdictional amount of $75,000.00. Jurisdiction was originally in State Court but was removed to this Court by AmGUARD.

4. AmGUARD admits that this matter was properly removed to this Court by AmGUARD, and venue is proper in this Court.

### III.     FACTUAL BACKGROUND

5.      AmGUARD is without sufficient knowledge to admit or deny the allegations in Paragraphs 5 of Plaintiff's Original Complaint.

6.      AmGUARD is without sufficient knowledge to admit or deny the allegations in Paragraphs 6 of Plaintiff's Original Complaint.

7.      AmGUARD admits that it issued a policy of insurance to BR Hotels 10 LLC identified as policy number BRBP109333 (the "Policy"), which Policy is the best evidence of the parties' intent, including all terms, conditions, and exclusions, and is referenced as if copied herein *in extenso*.

8.      AmGUARD admits the allegations in Paragraph 8 of the Complaint.

9.      AmGUARD admits the allegations in Paragraph 9 of the Complaint regarding the date of the landfall of Hurricane Ida but is without sufficient knowledge regarding the remaining allegations, so they are denied.

10.     AmGUARD admits that Hurricane Ida made landfall on August 29, 2021 as alleged in Paragraph 9 but is without sufficient knowledge or knowledge to respond to the remaining allegations in Paragraph 10; therefore, they are denied.

11.     AmGUARD denies the allegations in Paragraph 11.

12.     The allegations contained in Paragraph 12 of the Complaint are denied.

13.     The allegations contained in Paragraph 13 of the Complaint regarding notice of the claim are admitted but AmGUARD is without sufficient knowledge regarding the remaining allegations in Paragraph 13; accordingly, the remaining allegations are denied.

14.     The allegations contained in Paragraph 14 of the Complaint are admitted.

15.     The allegations contained in Paragraph 15 of the Complaint are denied as written.

16.     The allegations contained in Paragraph 16 of the Complaint are denied.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. The allegations contained in Paragraph 23 of the Complaint are denied.

24. The allegations contained in Paragraph 24 of the Complaint are denied.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. The allegations contained in Paragraph 26 of the Complaint are denied.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

28. The allegations contained in Paragraph 28 of the Complaint are denied.

29. The allegations contained in Paragraph 29 of the Complaint are denied.

## CAUSES OF ACTION

### A. Breach of Insurance Contract

30. AmGUARD reasserts and realleges its responses to the allegations contained in paragraph 1-29 as set forth more fully above.

31. AmGUARD admits that the AmGUARD policy provides coverage for the Covered Losses from Hurricane Ida as alleged in Paragraph 31 of the Complaint but denies that the policy provides coverage for the losses as claimed by BR Hotels 10 LLC in this lawsuit. Answer further, the policy speaks for itself.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. The allegations contained in Paragraph 33 and all subparts of 33 are denied.

34.     The allegations contained in Paragraph 34 of the Complaint are denied.

   **B.  Bad Faith Damages for Violations of LSA-R.S. §22:1892 and §22:1973**

35.     AmGUARD reasserts and realleges its responses to the allegations contained in paragraph 1-34 as set forth more fully above.

36.     The allegations contained in Paragraphs 36 of the Complaint are not factual allegations but are instead recitals by Plaintiff of what are alleged to be applicable law.  As a result, AmGUARD denies the allegations contained in Paragraph 36 of the Complaint as the Court will determine the applicable laws that control this cause of action.

37.     The allegations contained in Paragraphs 37 of the Complaint are not factual allegations but are instead recitals by Plaintiff of what are alleged to be applicable law.  As a result, AmGUARD denies the allegations contained in Paragraph 37 of the Complaint as the Court will determine the applicable laws that control this cause of action.

38.     The allegations contained in Paragraphs 38 of the Complaint are not factual allegations but are instead recitals by Plaintiff of what are alleged to be applicable law.  As a result, AmGUARD denies the allegations contained in Paragraph 38 of the Complaint as the Court will determine the applicable laws that control this cause of action.

39.     The allegations contained in Paragraph 29 of the Complaint are denied.

40.     The allegations contained in Paragraph 40 of the Complaint are denied.

41.     The allegations contained in Paragraph 41 of the Complaint are denied.

## DAMAGES

42.     AmGUARD reasserts and realleges its responses to the allegations contained in paragraph 1-41 as set forth more fully above.

43.     The allegations contained in Paragraph 43 and subparts(a)-(j) are denied.

44. There is no paragraph 44 in Plaintiff's Complaint.

45. Defendant AmGUARD denies that the Plaintiff is entitled to the damages sought in paragraph 45, as well as paragraphs 42-44.

**ANSWERING FURTHER,**

AmGUARD pleads the following defenses:

### FIRST DEFENSE

Plaintiff fails to state a claim or cause of action against AmGUARD upon which relief can be granted.

### SECOND DEFENSE

AmGUARD issued Policy BRBP109333 (the "Policy") to BR Hotels 10 LLC which policy is the best evidence of the terms, conditions and exclusions contained therein. As such, AmGUARD pleads all policy limits, deductibles, retentions, terms, conditions, and exclusions of the Policy as if copied here *in extenso*.

### THIRD DEFENSE

Plaintiff seeks compensation for property damage that preexisted the inception of the Policy. Such damages are barred by the following policy language:

> 4. Policy Period, Coverage Territory Under Section I - Property:
>    a. We cover loss or damage commencing:
>       (1) During the policy period shown in the Declarations; and
>       (2) Within the coverage territory or, with respect to property in transit, while it is between points in the coverage territory.
>    b. The coverage territory is:
>       (1) The United States of America (including its territories and possessions);
>       (2) Puerto Rico; and
>       (3) Canada.

### FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or part, by the doctrines of unclean hands, waiver, payment, and/or estoppel.

**FIFTH DEFENSE**

AmGUARD asserts that a legitimate dispute exists with respect to the cause, scope and amount of covered loss at issue and Plaintiffs' entitlement to insurance benefits under the Policy. AmGUARD possesses the right to investigate claims without facing bad faith liability.

**SIXTH DEFENSE**

Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions with respect to Limits of Insurance.

**SEVENTH DEFENSE**

Plaintiff's claims are barred in whole or part by the warranties, terms, definitions, provisions, conditions, exclusion and limitations of the Policy, including but not limited to, the following provision:

> 4. Policy Period, Coverage Territory Under Section I - Property:
>    a. We cover loss or damage commencing:
>       (3) During the policy period shown in the Declarations; and
>       (4) Within the coverage territory or, with respect to property in transit, while it is between points in the coverage territory.
>    b. The coverage territory is:
>       (1) The United States of America (including its territories and possessions);
>       (2) Puerto Rico; and
>       (3) Canada.

**EIGHTH DEFENSE**

AmGUARD avers that Plaintiff's claims are barred, limited, or reduced to the extent Plaintiff failed to take reasonable measures to mitigate, minimize, or avoid any damages allegedly sustained.

**NINTH DEFENSE**

To the extent that Plaintiff's damages were caused by non-covered perils, Plaintiff's claims are barred. The following provisions in the Policy may apply to Plaintiff's claims in this matter:

*4. Limitations*

*a. We will not pay for loss of or damage to:*

*(5) The interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:*

*(a) <u>The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters</u>;*

\*\*\*

*3. We will not pay for loss or damage caused by or resulting from any of the following Paragraphs **a**. through **c**. But if an excluded cause of loss that is listed in Paragraphs **a**. through **c**. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Loss.*

*c. Negligent Work*
*Faulty, inadequate or defective:*
*(1) Planning, zoning, development, surveying, siting;*
*(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
*(3) Materials used in repair, construction, renovation or remodeling; or*
*(4) Maintenance of part or all of any property on or off the described premises.*

\*\*\*

*2. We will not pay for loss or damage caused by or resulting from any of the following:*

*l. Other Types of Losses*
*(1) Wear and Tear;*
*(2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;*
*(3) Settling, cracking, shrinking, or expansion*

\*\*\*

## **TENTH DEFENSE**

AmGUARD denies that it acted arbitrarily, capriciously, or in bad faith. AmGUARD avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutes.

## **ELEVENTH DEFENSE**

Plaintiff is not entitled to an award, extracontractual damages or attorney fees.

## TWELFTH DEFENSE

At all times relevant hereto, AmGUARD acted reasonably and in good faith in its dealings with Plaintiff, and AmGUARD has fully complied with La. R.S. 22:1892, 22:1893, 22:1973, and all other applicable laws and regulations.

## THIRTEENTH DEFENSE

AmGUARD's liability, if any, may be limited, barred or reduced to the extent Plaintiff's claimed damages (if any) do not trigger the insuring agreement of the Policy.

## FOURTEENTH DEFENSE

AmGUARD, without admitting any liability and expressly denying all liability, pleads its entitlement to an offset and/or credit for any payment or other consideration received by the Plaintiff from any source for the damages alleged against any purported insureds.

## FIFTEENTH DEFENSE

AmGUARD's liability, if any, may be limited, barred or reduced to the extent Plaintiff is a party to other insurance contracts which my respond to the alleged losses and damages.

## SIXTEENTH DEFENSE

Plaintiff's claimed injuries and damages, if any, were attributable to superseding or intervening causes for which AmGUARD cannot be held liable.

## SEVENTEENTH DEFENSE

Plaintiff's claimed injuries and damages, if any, are barred (in whole or in part) as they were caused by the fault and/or negligence of third parties for whom AmGUARD and/or any purported insureds are not responsible, and such fault and/or negligence will bar or reduce any recovery herein.

**EIGHTEENTH DEFENSE**

Plaintiff's claimed injuries and damages, if any, were caused by the actions and/or omissions of the Plaintiff.

**NINETEENTH DEFENSE**

Plaintiff's claimed injuries and damages, if any, are inaccurate due to Plaintiff's intentional concealment, misrepresentation, or fraud relating to material facts or circumstances of the claim. Such concealment, misrepresentation, or fraud results in no coverage either through recission or outright denial under the following policy language:

> C. *Section III – Common Policy Conditions* is amended as follows:
> 2. Notice of Cancellation
>> *b. Cancellation Of Renewal Policies And New Policies In Effect For 60 Days Or More*
>> *If this policy has been in effect for 60 days or more, or is a renewal of a policy we issued, we may cancel only for one or more of the following reasons:*
>>> *(2) Fraud or material misrepresentation made by you or with your knowledge with the intent to deceive in obtaining the policy, continuing the policy, or in presenting a claim under the policy.*
>
> \*\*\*
>
> *4.* Paragraph ***C. Concealment, Misrepresentation Or Fraud*** *Common Policy Condition is replaced by the following*:
>> *b. With respect to loss or damage caused by a peril other than fire and with respect to all insureds covered under this policy, we provide no coverage for loss or damage if, whether before or after a loss, one or more insureds have intentionally concealed or misrepresented any material fact or circumstance, with the intent to deceive, concerning:*
>>> *(1) This Policy;*
>>> *(2) The Covered Property;*
>>> *(3) Your interest in the Covered Property; or*
>>> *(4) A claim under this policy.*

**TWENTIETH DEFENSE**

To the extent any affirmative defenses pleaded herein are contradictory, mutually exclusive, or otherwise inconsistent, AmGUARD pleads such contradictory, mutually exclusive, or inconsistent affirmative defenses in the alternative.

**JURY TRIAL REQUEST**

AmGUARD requests a trial by jury as to all parties and issues herein that are triable to a jury.

**RESERVATION OF RIGHTS**

AmGUARD gives notice that it intends to invoke any other defenses that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

WHEREFORE, AmGUARD Insurance Company prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there by judgment rendered herein in favor of AmGUARD Insurance Company and against Plaintiff, dismissing Plaintiff's claims with prejudice and at their costs, and for all general and equitable relief.

Respectfully Submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

*/s/ Mary-Ellen King*
**MARY-ELLEN KING**
State Bar No. 30805
2801 Via Fortuna, Suite 300
Austin, Texas 78746
Telephone: (512) 827-2305
Fax: (512) 708-8777
mking@thompsoncoe.com

Marne A. Jones
State Bar Number 32522
601 Poydras Street, Suite 1850
New Orleans, Louisiana 70130

Telephone: (504) 526-4320
Fax: (504) 526-4310
majones@thompsoncoe.com
**COUNSEL FOR DEFENDANT
AMGUARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Middle District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record on October 31, 2023.

**PANDIT LAW FIRM, LLC**

Rajan Pandit (#32215)
Peter N. Freiberg (#22912)
John Mark Fezio (#29861)
Scott D. Peebles (#27032)
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facisimile: (504) 313-3820
rpandit@panditlaw.com
pfrieberg@panditlaw.com
jfezio@panditlaw.com
speebles@panditlaw.com

**ROBICHAUZ, MIZE, WADSACK, RICHARDSON & WATSON, LLC**

Matthew M. Mize (#33993)
1777 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 433-0234
Fax: (337) 433-8595
mmm@rmwlegal.com

**COUNSEL FOR PLAINTIFF**

　　　　　　　　　　　　　　　　　　　 */s/ Mary-Ellen King*　　　　　　
　　　　　　　　　　　　　　　　　　　Mary-Ellen King